C. M. LANGFORD, Jr., et al., Appellants,

v.

B. F. DOUGLAS et al., Appellees.

No. 6554.

Court of Civil Appeals of Texas.

Beaumont.

June 28, 1962.

Rehearing Denied Sept. 5, 1962.

Lawrence & Lawrence, Tyler, Bath, Turner & Lloyd, Henderson, Johnston & Johnston, Palestine, for appellants.

Norman, Rounsaville & Hassell, Jacksonville, Cecil C. Cammack, Bartesville, Okl., for appellees.

McNEILL, Justice.

Appellants filed suit on May 3, 1955 in the District Court of Anderson County against appellees. This suit was in trespass to try title and sought recovery of a mineral interest in a tract of land as well as cancellation of a deed and oil and gas lease, and removal of a cloud on appellants' title. Appellees answered by plea of not guilty, general denial and pleaded several Statutes of Limitation affecting land titles. The parties will be referred to hereinafter respectively as plaintiffs and defendants.

The cause was set for trial on September 26, 1955, February 6, 1956, and April 14, 1958, but each time was continued on agreement of the parties.

Although not set for trial, the presiding judge dismissed the cause for want of prosecution on October 19, 1960. No notice was given of this to any of the parties. On November 17, 1960 plaintiffs filed under oath what they termed their "Motion to Reinstate" the case. On November 25, 1960, at the same term of court in which the case was dismissed, the presiding judge set aside the order of dismissal and reinstated the case. May 25, 1961, defendants filed motion to set aside the order reinstating the case. This motion urged two grounds: First, since the cause was originally dismissed on October 19, 1960, and plaintiff's motion to reinstate was not filed until November 17, 1960, and was not acted upon within thirty days from the date of the original order of dismissal, the order dismissing the cause became final and the court did not have jurisdiction to set it aside as was attempted to be done by order of November 25, 1960. Second, because defendants had no notice of plaintiffs' motion to reinstate the cause filed on November 17, 1960, and had no notice that the court was going to enter its order on November 25, 1960 granting plaintiffs' motion. Defendants' motion filed May 25, 1961, was heard by the presiding judge on August 4, 1961 and the order sustaining defendants' motion was rendered on September 18, 1961. The pertinent part of that order follows:

"On the 4th day of August, 1961, in the above entitled and numbered cause came on to be considered the motion of the defendants, W. S. DOUGLAS and ELSIE DOUGLAS, that the court set aside order of this District Court, Judge V. M. Johnston presiding, entered November 25, 1960, which order granted plaintiffs' motion to set aside the prior order of dismissal entered October 19, 1960; and all parties having appeared herein by counsel and the court having considered the pleadings made on this motion and heard evidence and argument of counsel in support of and against such motion, the court finds and is of the opinion that said order of the District Court herein, dated November 25, 1960, setting aside its order of dismissal, should

be, and the same is, hereby set aside; and it is hereby decreed that said order of dismissal entered by the court on October 19, 1960, dismissing this case for want of prosecution, remain in full force and effect."

Plaintiffs excepted to this action of the court and gave notice of appeal to the Court of Civil Appeals at Houston.

 They first say that the trial court had jurisdiction of the cause when it reinstated the case on November 25, 1960, 37 days after date of order dismissing the cause. The law on this point is against plaintiffs. First National Bank of Houston v. Fox, 121 Tex. 7, 39 S.W.2d 1085; Drawe v. McGuffin, Tex.Civ.App., 355 S.W.2d 738.

Plaintiffs also assert, if the trial court had no jurisdiction to reinstate the cause when it did, that their motion to reinstate filed October 19, 1960 is sufficient as a bill of review. We have examined this instrument and conclude that it does have some of the aspects of a bill of review, but we find it unnecessary to pass upon its sufficiency. When the order quoted from above dated September 18, 1961, is examined, it is apparent therefrom that the trial court at its hearing on August 4, 1961, passed upon only two questions, those set out in defendants' motion filed May 25, 1961. Having considered the pleadings in that motion and the evidence thereon, he concluded that the order of reinstatement was void either upon the first or second, or perhaps both grounds. The first ground was good. And if plaintiffs' motion is viewed as a bill of review, as would have been required on November 25, 1960, the date the trial court reinstated the suit, the court erred in so reinstating, since notice of plaintiffs' motion was not given to defendants as should have been done. Owen v. City of Eastland, Tex.Civ. App., 37 S.W.2d 1053; McDonald, Texas Civil Practice, Vol. 4, sec. 18.24, pp. 1484–87. The trial court, therefore, properly sustained defendants' motion and reinstated the order dismissing the suit for want of prosecution.

 But, "The policy of the law is, that appellant should have his day in court for the purpose of establishing the alleged wrong perpetrated on him * * *." Smith v. Rawlings, Tex.Civ.App., 25 S.W.2d 622 (623) (W.R.) In view of the narrow language of the trial court's order above quoted, we accordingly hold that plaintiffs' motion to reinstate, considered as a bill of review, is still pending. No doubt plaintiffs will desire to amend it. Its presence in the original suit is an irregularity. Osborn v. Younger (Com.App.), 235 S.W. 558; McDonald, Texas Civil Practice, supra. The trial court could transfer it to an independent place on his docket for trial or other disposition. Wilson v. Ammann & Jordan, Tex.Civ.App., 163 S.W.2d 660.

Since the motion, as bill of review, properly does not belong in the original cause, the trial court's order was a final, appealable judgment. It is affirmed.