Benny J. DAVIS, Appellant,

v.

Eddie L. WINNINGHAM, Jr., et al.,
Appellees.

No. 8285.

Court of Civil Appeals of Texas,
Amarillo.

June 12, 1972.

Rehearing Denied July 31, 1972.

Henry T. Ray, Amarillo, for appellant.

Boyd A. Knudtson, Amarillo, for appellees.

REYNOLDS, Justice.

By this appeal, appellant Benny Joe Davis questions the propriety of the trial court's dismissal of his petition to set aside a judgment of adoption entered eight months previously, and presents three points of error to that effect. Affirmed.

Eight months after the trial court had entered judgment granting leave to Edmond Lawrence Winningham, Jr., to adopt, and effecting the adoption of, the three year old natural son of appellant Benny Joe Davis and his former wife, Frieda Winningham, then the wife of petitioner Winningham, appellant Benny Joe Davis filed his petition to set aside the judgment of adoption. The petition was filed in, and under the same number of, the original adoption proceedings. The pleading contains allegations that Davis never consented to the adoption; that the decree of adoption was procured by fraud and upon false and perjured testimony; that the court's findings contained in the decree of adoption that the minor child is a proper subject for adoption, and that Davis voluntarily abandoned and deserted the minor child and has not contributed substantially to his support for more than two years, were based upon false and perjured testimony; that the witnesses who could and would have testified adversely to the adoption were prevented from testifying by duress brought by appellees; that the court lacked necessary jurisdiction because of the fraud perpetrated by appellees; and that it would be in the best interest of the minor child to vacate the decree of adoption because the natural mother had abandoned the child to various other persons, and the child was not receiving the proper supervision and care.

Eddie L. Winningham, Jr., and Frieda Winningham Prouse, who are appellees here, were cited as defendants. They answered with a general denial, special exceptions, and two pleas styled "PLEA IN ABATEMENT" and "PLEA TO THE JURISDICTION," in which the finality of the decree of adoption, lack of jurisdiction of the court to set aside a final judgment, immateriality of issues pleaded, res judicata, and collateral attack were raised as defensive matters.

Such was the state of the pleadings when the cause came on for a hearing. The file of the adoption proceeding was introduced before the court and revealed, among the prerequisite findings authorizing the adoption, findings that appellant had filed his answer to the adoption proceedings, had appeared in person and with counsel, and had contested the adoption. The record further shows that appellant gave notice of appeal, but appeal was not perfected and the decree of adoption became final.

Following the introduction of the file of the adoption proceedings, appellees urged their defensive pleas to appellant's petition to set aside the final judgment. Appellant replied, and offered to present testimony proving, that false and perjured testimony was responsible for the entry of the adoption decree because recently discovered evidence was that appellees kept from the court the facts that they were having problems and their marriage was about to be severed, and the secreting of this information led the court to the granting of the adoption. Without hearing testimony, the trial court granted appellees' pleas and entered judgment dismissing appellant's petition. Appellant did not preserve the offered testimony for review.

■ The decree of adoption attacked is not void. The trial court had jurisdiction of the parties and the subject matter and

the power to render the judgment entered. Rule 329b(5), Texas Rules of Civil Procedure, prescribes that judgments shall become final after the expiration of thirty (30) days after rendition in the absence of a motion for new trial, and cannot be set aside except by bill of review for sufficient cause filed within the time allowed by law. While the pleadings of the parties are not models of clarity, we consider appellant's petition to be in the nature of a bill of review and appellees' pleadings to constitute a plea in bar.

A bill of review is an equitable proceeding designed to prevent manifest injustice. Before a bill of review may be invoked to set aside a final judgment, a litigant must allege and prove sufficient cause, one of the elemental essentials of which is that he was prevented from making a meritorious defense by the fraud, accident or wrongful act of the other party. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950). In the attempt to meet this requirement, appellant pleaded fraud by appellees in the nature of false and perjured testimony to procure the decree of adoption, and urged in the trial court and on this appeal that this is the type of fraud that will entitle appellant to the equitable relief sought.

Fraud is either extrinsic or intrinsic in its relation to attacks on final judgments, and only that extrinsic fraud which denies a losing litigant the opportunity to fully litigate his rights or defenses upon the trial will justify relief from a final judgment. Alexander v. Hagedorn, supra. To that end, the extrinsic fraud must be collateral to the matter tried and not something which actually or potentially was in issue in the trial. Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94 (1940). Conversely, intrinsic fraud is inherent in the matter considered and determined in the trial. False testimony and any fraudulent matter that was presented and considered in rendering the judgment attacked constitutes intrinsic fraud which is not a

ground, in an independent suit brought to vacate a final judgment, that authorizes the setting aside of a final decree. Crouch v. McGaw, supra; Alexander v. Hagedorn, supra. Here, the pleadings are clear that only intrinsic fraud is alleged and urged as the ground upon which the final judgment of adoption should be set aside.

The decree of adoption which has become final cannot be set aside for the intrinsic fraud alleged. In passing on the sufficiency of a petition, the court may take into consideration the record in the original case, and the facts disclosed thereby conflicting with the averments in the petition will control. 34 Tex.Jur.2d Judgments § 244. This record establishes that appellant and his counsel were present and had full opportunity to refute the testimony now pleaded to be false and perjured, and to present whatever defense appellant had to the adoption proceedings. At most the evidence asserted to be recently discovered exposing appellees' alleged perjury is impeachment evidence which is insufficient to reopen a final judgment. The fraud alleged was in relation to matters that were not only potentially but actually in issue and controverted in the original proceeding. The alleged concealment through perjury by appellees of any defense available to appellant cannot be a ground for setting aside the final judgment. Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983 (1945). If final judgments could be set aside upon a pleading that false and perjured testimony was given at the trial, there would be no finality to judgments since it always can be contended that there was perjury in any conflicting testimony given. A claim of manifest injustice produced by false testimony must yield to the consideration for the finality of judgments.

Considering the bill of review pleadings in connection with the record in the original proceedings, it is clear that appellant's petition was deficient in failing to allege facts constituting extrinsic fraud rather than the intrinsic fraud pleaded, and the

trial court was correct in sustaining appellees' plea in bar. Appellant's points of error are overruled.

The judgment of the trial court is affirmed.