AMANDA, Relator,

v.

The Honorable John D. MONTGOMERY, Respondent.

No. 01–94–00322–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 26, 1994.

484

Shawn Casey, Sanchia G. Hudson, Houston, for appellant.

Stewart Gagnon, Joy M. Soloway, Houston, for appellee.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

## OPINION

O'CONNOR, Justice.

In this original proceeding, we consider (1) whether a petition for bill of review must be brought as a new, independent lawsuit, and (2) whether a bill of review complainant may proceed with discovery before fully complying with the preliminary requirements for bringing his action in the first place. Resolving these questions in favor of the relator, we grant mandamus relief on both issues.

### The Facts

Amanda,[1] the relator, married David, the real party in interest, in April, 1980. In June, 1981, Amanda gave birth to Paul. In September, 1982, Amanda sued David for divorce. In January, 1983, David filed a counterclaim to the divorce. In his counterclaim, David made two statements that are important to this proceeding:

III.

Counter–Respondent has committed adultery.

IV.

Counterclaimant and Counter–Respondent are parents of the following child of this marriage who is not under the jurisdiction of any other court:

Name: [Paul] Sex: Male

On February 10, 1983, David and Amanda entered into an "agreement incident to divorce." This document was signed by David and Amanda and recited that David and Amanda "are the parents of ... [Paul]."

On the same day David and Amanda executed the agreement, the judge signed the divorce decree. The decree states that Amanda and David "are the parents of ... [Paul]." The decree ordered David to pay Amanda $300 per month in child support for Paul.

In August, 1993, more than ten years after the divorce, Amanda filed a motion to modify, seeking an increase in the amount of the child support payments. In December, 1993, David filed a petition for bill of review under the same cause number and style as the motion to modify. In his petition, David attacked "those provisions of the Decree of Divorce ... that pertain to conservatorship, possession, and support of [Paul]." He alleged that he is not Paul's biological father, and that Amanda fraudulently "precluded [him] from denying paternity of [Paul] pursuant to section 12.06 of the Texas Family Code."

On January 14, 1994, David filed a motion for paternity testing. Six days later, Amanda filed an answer to David's petition for bill of review. In her answer, she asserted the affirmative defenses of judicial estoppel, res judicata, and limitations.

Amanda also filed (1) a motion to sever the petition for bill of review from the motion to modify the child support payments, and (2) a motion to quash the motion for paternity testing. On March 8, the trial court denied the motion to sever. On March 14, the court denied the motion to quash and ordered paternity testing for David, Amanda, and Paul. The testing was set for April 7.

On April 6, Amanda filed her "Motion for Leave to File Petition for Writ of Prohibition or Alternatively Motion for Leave to File Petition for Writ of Mandamus." We granted her motion and stayed the paternity testing order.

1. Under TEX.FAM.CODE § 11.19(d), this Court has the authority to identify the parties by fictitious names. We do so in this case.

## Standard of Review

■ A court of appeals will issue a writ of mandamus if the trial court abuses its discretion and the relator has no adequate remedy at law, such as a normal appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*

## Severance

Amanda argues that "the trial court abused its discretion in denying relator's request that [David's] bill of review petition be severed from relator's pending motion to modify child support." We agree.

■ Texas Rule of Civil Procedure 41 states that "[a]ny claim against a party may be severed and proceeded with separately." "This rule grants the trial court broad discretion in the matter of severance...." *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex.1990). A trial court's decision regarding a severance will not be disturbed unless the court abused that discretion. *See id.*

■ A bill of review is an "independent" equitable action that challenges the validity of the original action. *State v. 1985 Chevrolet Pickup Truck*, 778 S.W.2d 463, 464 (Tex. 1989); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979); *see* Tex.R.Civ.P. 329b(f). For this reason, Texas procedure has always mandated that a petition for bill of review be a new lawsuit filed under a different cause number than the case whose judgment the bill of review complainant is attacking. *See Harris v. Logue*, 544 S.W.2d 932, 935 (Tex.

App.—Fort Worth 1976), *writ ref'd n.r.e.*, 554 S.W.2d 168 (Tex.1977); *see also Langford v. Douglas*, 359 S.W.2d 951, 953 (Tex.App.—Beaumont 1962, no writ) (motion to reinstate, which could be considered a bill of review, did not belong in the original suit).

■ David did not bring his petition for bill of review as a separate, independent lawsuit, and did not file it under a new cause number and style. Rather, he filed his petition under the same cause number as Amanda's pending motion to modify. Because this is contrary to our procedure, the trial court abused its discretion when it refused to order severance.

■ Amanda was entitled to have had David's bill of review proceed separately from her own action to increase child support. Amanda is entitled to mandamus relief on this issue.[2]

## Paternity Testing

Amanda contends that the trial court abused its discretion in ordering the parties to submit to paternity testing before David fulfilled the preliminary requirements for equitable bill of review relief. We agree.

■ To begin a bill of review proceeding, the complainant must first file a petition. *Baker*, 582 S.W.2d at 408. The petition must allege specific facts that demonstrate the earlier judgment was rendered as the result of fraud, accident or wrongful act of the opposite party, or official mistake, unmixed with the complainant's own negligence. *Id.* The complainant must allege, with particularity, sworn facts sufficient to constitute a meritorious defense. *Id.*[3] The complainant must

2. Amanda has asked for prohibition relief "or alternatively" mandamus relief. Mandamus relief, as opposed to the issuance of a writ of prohibition, is proper here. "[T]here is a very thin line between relief granted by writ of prohibition and that granted by writ of mandamus." *Shelvin v. Lykos*, 741 S.W.2d 178, 181 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding). The distinction, however, is important in this case. A writ of mandamus is used to nullify an act that the trial court has already performed. *Id.* at 181–82. A writ of prohibition is used to prevent a trial court from committing an act *in the future. Id.* at 182. Here, Amanda complains of the trial court's erroneous denial of her mo-

tion to sever, i.e., of an act the trial court has already performed. Thus, the appropriate vehicle for relief is mandamus.

3. Where, as here, the bill of review complainant attacks a judgment with which he was satisfied or agreed to at the time of entry, the burden is not strictly speaking to show a "defense" to the judgment. Rather, it is to show that "he has grounds for different and greater relief than that previously given him," a burden equivalent to showing a meritorious defense, but which properly takes into account the complainant's relationship to the judgment he is attacking. *Fort Worth & Denver City Ry. Co. v. Reid*, 115 S.W.2d

then, as a pretrial matter, present prima facie proof of the meritorious defense. *Id.;* accord *Beck v. Beck,* 771 S.W.2d 141, 142 (Tex.1989).[4] In the pre-trial hearing authorized by *Baker,* the only relevant inquiry is whether the complainant has presented prima facie proof of the meritorious defense. *Beck,* 771 S.W.2d at 142.

■ A party meets the requirement of presenting prima facie proof of a meritorious defense when it proves that (1) the complainant's defense is not barred as a matter of law, and (2) the complainant will be entitled to judgment on retrial if no evidence to the contrary is offered. *Baker,* 582 S.W.2d at 408–409. Once the complainant makes this prima facie showing, the trial court then conducts a trial on the remaining elements. *Beck,* 771 S.W.2d at 142; *Baker,* 582 S.W.2d at 409. If the trial court determines the party did not make a prima facie showing of a meritorious defense, the court may dismiss the case. *Beck,* 771 S.W.2d at 142; *Baker,* 582 S.W.2d at 409.

■ David did not meet the initial requirement for bringing a bill of review proceeding; he did not adequately allege in his petition that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake. David made no allegations of accident or official mistake.

Instead, David asserted that Amanda fraudulently "precluded [him] from denying paternity of [Paul] pursuant to section 12.06 of the Texas Family Code." On its face, this allegation is fatally defective.

Section 12.06 of the Family Code, entitled "Denial of Paternity," provides, in part, that a husband is entitled to deny paternity of a child who was born or conceived during the marriage. TEX.FAM.CODE § 12.06(a) (Vernon Supp.1993). Section 12.06 was adopted by the Legislature effective September 1, 1983. *See* Act of May 30, 1983, 68th Leg., R.S., ch.

424, 1983 Tex.Gen.Laws 2355, 2361. At the time the court signed the divorce decree between David and Amanda (February 10, 1983), David did not have a right under section 12.06 to deny paternity. Section 12.06 did not even exist on February 10, 1983.

■ In his brief, David acknowledged he could not deny paternity at the time of his divorce:

> Until September 1983, Texas statutory law prohibited a presumed father, one who was married to and living with his wife at the time the child was born, from denying paternity, unless he could establish non-access to the wife, or impotence.[5] ... Accordingly, at the time of the divorce, the law ***prohibited*** [David] from denying that he was the child's true father.

(Emphasis in original.) This is a correct statement of the law. Not until section 12.06 was enacted could a husband who was married and living with his wife rebut the marital presumption of paternity of her children. *In re J.W.T.,* 872 S.W.2d 189, 192–93 (Tex.1994); *Clark v. Clark,* 643 S.W.2d 795, 797 (Tex. App.—Fort Worth 1982, no writ).

Because David did not have the right to deny paternity at the time of his divorce, Amanda could not have "precluded [David] from denying paternity of [Paul] pursuant to section 12.06 of the Texas Family Code." It was impossible for Amanda, by fraud or otherwise, to "preclude" David from exercising a right he did not have.

■ As a result, David's petition for bill of review is fatally defective. David did not sufficiently allege that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake. Where the bill of review complainant's allegations are legally insufficient to warrant a bill of review, extraordi-

---

1156, 1159 (Tex.App.—Fort Worth 1938, no writ).

**4.** This requirement ensures that valuable judicial resources will not be wasted by conducting a spurious, "full blown," examination of the merits when the complainant does not have a meritori-

ous defense to the cause of action that supports the judgment that the complainant is assailing. *Beck,* 771 S.W.2d at 142; *Baker,* 582 S.W.2d at 408.

**5.** The issues of non-access, impotence, and sterility have not been raised in this case.

nary relief is appropriate. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989).[6]

Nor has David met the second requirement for proceeding with his bill of review. He has not, as a pretrial matter, presented prima facie proof that his defense is not barred as a matter of law, i.e., that he has a meritorious defense. *Beck,* 771 S.W.2d at 142; *Baker,* 582 S.W.2d at 408. For this reason, too, David is not entitled to an order for paternity testing.

The case of *Spears v. Haas,* 718 S.W.2d 756 (Tex.App.—Corpus Christi 1986, orig. proceeding), is similar. In *Spears,* the relator and his former wife were divorced in 1984. The divorce decree stated that the parties were the parents of three children. *Id.* at 757. In 1986, the relator filed a petition for bill of review, seeking to overturn that portion of the decree that found him to be the parent of two of the children. The relator, who alleged that the trial court's findings in the divorce decree that he was the father were the result of fraud on the part of his former wife, filed a "motion for testing to determine paternity." *Id.* at 758. The trial court denied the motion, and the relator sought to have the appellate court compel the trial court to order the testing. *Id.* The court of appeals denied relief, writing as follows:

> [W]e are faced with the unique question of whether a petitioner in a bill of review proceeding must establish his prima facie case for the granting of a bill of review before he may proceed with discovery in the portion of the suit to set aside the former judgment which has become final. [W]e believe, as a general rule, discovery is appropriate to the pretrial hearing at which the petitioner must prove his prima facie case for bill of review. However, we do not believe that the general rule encompasses serology testing to determine pater-

nity until *after* the prima facie case has been established.

718 S.W.2d at 758.

 David was not entitled to proceed with his bill of review action for two reasons. First, David did not sufficiently plead for bill of review relief, and thus did not satisfy the first requirement from *Baker* for going forward with his action. *Spears,* 718 S.W.2d at 758. Second, from the face of the record (David's counterclaim allegations of adultery), David knew of circumstances at the time of the divorce which should have caused him to contest paternity. *Id.* (because the former husband had a vasectomy two years before the birth of his children, he should have contested paternity at the time of the divorce). Thus, the trial court abused its discretion by ordering paternity testing.

 Amanda has no adequate remedy at law. The production of unauthorized discovery, once ordered, cannot be undone. *See Walker,* 827 S.W.2d at 843 (erroneous disclosure of privileged information).

Amanda is entitled to mandamus relief on this issue.

## Conclusion

We order the respondent to (1) sever David's bill of review proceeding from Amanda's motion to modify proceeding, and (2) vacate his March 14 order of paternity testing. We are confident that the respondent will comply with this order. We will issue a writ of mandamus only if he fails to do so. *See FEPCO, Ltda. v. Coussons,* 835 S.W.2d 251, 254 (Tex.App.—Houston [1st Dist.] 1992, orig. proceeding).

HEDGES, J., concurring.

HEDGES, Justice, concurring.

I join the majority opinion on the issue of severance. I also agree with the majority that the order for paternity testing should be vacated, and that David's petition for bill of

---

6. In *Tice,* the Supreme Court of Texas issued a writ of prohibition, not a writ of mandamus, where the bill of review complainant's allegations were legally insufficient to warrant a bill of review. 767 S.W.2d at 702, 705. The court, however, issued prohibition relief partly because the complainant, in its bill of review proceeding, was attempting to relitigate issues that had already been decided by the supreme court in a previous case, and the bill of review proceeding would thus "interfere" with the court's judgment in that case. *Id.* at 705.

review is fatally defective. I write separately, however, because I believe that the petition is fatally defective for a reason not addressed by the majority.

In order to invoke the equitable powers of the court, the first thing a bill of review complainant must do is file a petition. *Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex.1979). "This petition must allege factually and with particularity that the prior judgment was rendered as the result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with [the complainant's] own negligence." *Id.*

David does not allege accident or official mistake in his petition. Rather, he relies on fraud committed by the opposite party, Amanda. David asserts in his petition that:

> [Amanda] precluded [David] from denying paternity of [Paul].... Specifically, [Amanda] fraudulently and wrongfully concealed her knowledge of the identity of [Paul]'s biological father, who is not [David]. Thus, [David]'s failure to deny paternity was not the result of any negligence or fault of [David].

For the purposes of a bill of review proceeding, there are two kinds of fraud: extrinsic and intrinsic. *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex.1984); *Davis v. Winningham*, 483 S.W.2d 535, 537 (Tex.Civ. App.—Amarillo 1972, writ ref'd n.r.e.); *see Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 1001–1002 (1950). Extrinsic fraud is fraud committed by the other party that:

1. prevents the losing party from either (a) knowing about a right or defense he is entitled to assert, or (b) having a fair opportunity to present such a right or defense at trial;

2. is committed outside of the trial;

3. is committed directly upon the losing party, his agent, his attorney, or one of his witnesses; and

4. is collateral to the matter that was tried, i.e., it does not relate to a subject that was actually or even potentially an issue in the trial.[1]

Fraud is *intrinsic*, rather than *extrinsic*, when "the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were, or could have been, litigated therein." *Montgomery*, 669 S.W.2d at 313 (quoting *Mills v. Baird*, 147 S.W.2d 312, 316 (Tex.Civ.App.—Austin 1941, writ ref'd)). In other words, intrinsic fraud relates to a matter "considered and determined" in the proceeding. *Montgomery*, 669 S.W.2d at 313. Intrinsic fraud may be perpetrated by the use of fraudulent instruments, perjured testimony, "or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed." *Id.* It may also be committed by misleading the adverse party, or that party's attorney, into acquiescence and approval of an unjust settlement condition. *See Bankston v. Bankston*, 251 S.W.2d 768, 772 (Tex.Civ.App.—Dallas 1952, no writ).

Only the commission of *extrinsic* fraud will afford relief to a bill of review complainant. *Montgomery*, 669 S.W.2d at 312; *Alexander*, 226 S.W.2d at 1002; *Mills*, 147 S.W.2d at 316. Fraud is extrinsic when it is "collateral to the matter tried and not something which actually or potentially was in issue in the [original] trial." *Davis*, 483 S.W.2d at 537.

David's assertions are allegations of *intrinsic* fraud. He alleged that Amanda concealed her knowledge of the identity of Paul's real biological father. This alleged fraudulent act pertains to paternity, an issue involved in the original action. Paternity was an issue in the divorce, whether or not the issue was actually contested. The fact that the divorce decree declares that David is Paul's father means that paternity is a matter that was "considered and determined" in the divorce proceeding.

Amanda's alleged fraud could not be classified as extrinsic. It is not "collateral" to the matter that was tried. Rather, it relates directly to paternity, a subject that was actually an issue in the proceeding. It cannot, therefore, be extrinsic fraud.

---

1. These requirements are found in, among other cases, *Alexander*, 226 S.W.2d at 1001, 1002 (first three requirements); *Montgomery*, 669 S.W.2d at 312 (fourth requirement).

I believe that David's petition was fatally defective because it alleged only intrinsic fraud, a type of fraud that does not entitle him to relief. Because my reason for holding David's petition fatally defective differs with the majority's, I do not join the majority opinion on this issue, but rather concur.