TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-06-00307-CV







In re Attorney General of Texas








ORIGINAL PROCEEDING FROM BELL COUNTY





M E M O R A N D U M O P I N I O N




 In this mandamus proceeding, the Attorney General of Texas seeks to vacate the trial
court's orders requiring genetic paternity testing and compelling the release of the testing results. 
The Attorney General contends that the trial court abused its discretion in ordering paternity testing
and compelling the release of such testing results because (1) paternity had already been legally
established through an acknowledgment of paternity signed by the real party in interest, Ricky
Herrod, see Tex. Fam. Code Ann. §§ 160.301-.302, .305 (West 2002 & Supp. 2005), and (2) Herrod
failed to establish that his challenge to the acknowledgment of paternity was based on fraud, duress,
or material mistake of fact as required in section 160.308 of the family code. See Tex. Fam. Code
Ann. § 160.308 (West Supp. 2005). Because we agree that the trial court abused its discretion in
ordering paternity testing and compelling the release of the testing results, we conditionally grant
mandamus relief.

BACKGROUND


 Ricky Herrod married Brandie Michelle Rose on December 21, 2002. After they
were married, Brandie and Ricky Herrod signed an acknowledgment of paternity concerning
Brandie's child M.A.H. on January 24, 2003.

 Brandie testified--and Herrod disputes--that M.A.H. was conceived after she spent
the night with Herrod prior to their marriage. Brandie testified that she had no other sexual partners
during the possible gestational period. M.A.H. was born on January 11, 2002. When M.A.H. was
a few months old, the couple reconnected, began dating, and eventually married.

 Herrod testified that he wanted to be a family with Brandie and M.A.H. and raise
M.A.H. as his own child. In response to his wishes, Brandie obtained an acknowledgment of
paternity form from the Bell County Clerk's Office. Brandie and Herrod signed the acknowledgment
of paternity, and Herrod testified that Brandie made no threats or promises or representations of any
kind to induce him to sign the acknowledgment. The signed acknowledgment was then filed with
the bureau of vital statistics, and Herrod's name was added to M.A.H.'s birth certificate. A few
months after they signed the acknowledgment, Brandie told Herrod that he was, in fact, M.A.H.'s
father.

 Brandie and Ricky Herrod divorced in May 2004. Thereafter, the Attorney General
filed suit to obtain an order of child and medical support. In response to this suit, Herrod filed a
request for paternity testing. In addition, Herrod commenced a separate proceeding to rescind his
acknowledgment of paternity. (1) In his petition, Herrod challenged his acknowledgment of paternity
on the basis of fraud, duress and material mistake of fact.

 The associate judge entered an order of temporary support and consolidated the two
causes of action. Then, on its own motion, the court ordered paternity testing. The Attorney General
appealed this order to the district court, but while this appeal was pending, the parties submitted
blood and tissue samples to a laboratory for testing. Without explanation or the entry of findings of
fact or conclusions of law, the district court affirmed the order for paternity testing and entered an
order on May 9, 2006, compelling the release of testing results to the court and the parties. Upon
learning that the Attorney General's office had requested the lab to halt the testing pending appellate
action, Herrod filed a motion for contempt. This proceeding followed.


STANDARD OF REVIEW


 A writ of mandamus will issue when a trial court abuses its discretion and there is no
other adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). A trial
court abuses its discretion when it fails to correctly analyze or apply the law. Id. at 840. There is
no adequate remedy at law when, on review, an appellate court would not be able to cure the trial
court's error. In re Colonial Pipeline Co., 968 S.W.2d 938, 942-43 (Tex. 1998); Walker, 827
S.W.2d at 843. An appellate court cannot cure the trial court's error in ordering paternity testing
once the tests are completed and the results of such testing have been released. See In re Attorney
General, No. 04-05-00752-CV, 2006 Tex. App. LEXIS 1377, at *8 (Tex. App.--San Antonio Feb,
22, 2006, orig. proceeding) (mem. op.).


DISCUSSION


 In this proceeding, we consider whether the trial court abused its discretion in
ordering genetic paternity testing and compelling the release of the results of such testing prior to
setting aside the acknowledgment of paternity signed by Herrod on January 24, 2003. Herrod's
paternity of M.A.H. was legally established when he signed the acknowledgment of paternity on
January 24, 2003, and the acknowledgment was filed with the bureau of vital statistics. See Tex.
Fam. Code Ann. § 160.305(a). Section 160.308 of the family code provides that Herrod may only
challenge his acknowledgment of paternity on the basis of fraud, duress, or material mistake of fact. 
See Tex. Fam. Code Ann. § 160.308(a).

 Mandamus may issue to correct a trial court's clear abuse of discretion when an
aggrieved party has no adequate remedy by appeal. Walker, 827 S.W.2d at 843. A trial court abuses
its discretion when a child's paternity has been legally established, and the trial court orders paternity
testing before the determination of parentage has been successfully challenged. Amanda v.
Montgomery, 877 S.W.2d 482, 487 (Tex. App.--Houston [1st Dist.] 1994, orig. proceeding). In
Amanda, the father filed a bill of review to challenge a finding in a divorce decree that he was the
child's father. Id. at 486. The trial court ordered paternity testing before the father established the
prerequisites for a bill of review. Id. at 487. Construing the order as improper discovery, the
appellate court issued a writ of mandamus to vacate the paternity testing order. Id.

 This case is analogous to Amanda. The trial court ordered genetic paternity testing
in the face of a legally established parent-child relationship. Like the father in Amanda, Herrod faces
significant hurdles before the acknowledgment of paternity establishing his legal status as M.A.H.'s
father can be set aside. All the parties agree that, in order to challenge his acknowledgment of
paternity, Herrod must prove fraud, duress, or material mistake of fact. See Tex. Fam. Code
§§ 160.308(a)-(b). (2)

 Herrod suggests that he may successfully challenge his acknowledgment of paternity
on grounds of fraud or mistake of fact. But the record in this case reveals that Herrod testified that
Brandie made no promises and did not trick him in any way to induce him to sign the
acknowledgment of paternity. Although Herrod claims he did not read the acknowledgment of
paternity when he signed it, Herrod testified that he can read and write the English language, and he
confirmed that it was his signature on the acknowledgment of paternity. Herrod also testified that 
it was his intent to become a family with Brandie and M.A.H. and to raise M.A.H. as his own son.

 On this record, there is no evidence of fraud. Moreover, Herrod's assertion that he
did not read the acknowledgment does not constitute a material mistake of fact. (3) Because Herrod
failed to demonstrate fraud, duress, or material mistake of fact, genetic paternity testing is not
relevant at this phase of the proceedings. See Tex. Fam. Code Ann. § 160.308. Therefore, it was
an abuse of discretion for the trial court to order genetic paternity testing or to compel the release of
the testing results.

 We next consider whether the Attorney General has an adequate remedy by way of
appeal. We agree with the Attorney General that once genetic paternity testing has been completed
and the results have been released, it cannot be undone. See, e.g., Amanda, 877 S.W.2d at 487
(granting writ of mandamus where trial court ordered genetic testing before father established
prerequisites for review). Additionally, there is no basis for an appeal of the trial court's
interlocutory orders to perform paternity testing and to release the results of such testing. See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2005). Accordingly, we conclude that an appeal
does not provide an adequate remedy for the trial court's error, and extraordinary relief is
appropriate. See Amanda, 877 S.W.2d at 487.


CONCLUSION


 We hold that the trial court abused its discretion in ordering the parties to submit to
paternity testing when Herrod failed to establish that his acknowledgment of paternity was based on
fraud, duress, or material mistake of fact. We grant the petition asking the trial court to vacate its
order of March 29, 2006, requiring paternity testing and to vacate its order of May 15, 2006,
compelling the release of paternity test results. We are confident that the trial court will comply with
this opinion. The writ will issue only if the trial court does not comply.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Filed: August 3, 2006

1. Although Herrod's petition is styled a petition to rescind acknowledgment of paternity, the
parties agree that the period for rescission has expired. See Tex. Fam. Code Ann. § 160.307 (West
2002). Because the parties agree that Herrod's petition was filed within the period permitted to
challenge an acknowledgment of paternity and references the grounds for such a challenge, the trial
court properly construed the petition as a challenge to Herrod's acknowledgment of paternity. See
id. § 160.308.
2. This statutory requirement is "consistent with the well-established policy goal of finality
in matters concerning the parentage of minor children." In re Attorney General, No. 04-05-00752-CV, 2006 Tex. App. LEXIS 1377, at *10 n.6 (Tex. App.--San Antonio Feb. 22, 2006) (citing In re
T.S.S., 61 S.W.3d 481, 485 (Tex. App.--San Antonio 2001, pet. denied) (holding "Texas courts are
not free to adopt a rule that an adjudicated father may be relieved of his support obligations anytime
he comes forward with DNA evidence post-decree that tends to exclude him as the biological
father.")). In matters concerning minor children, finality is valued above perfection. See In re T.S.S.,
61 S.W.3d at 485.
3. To the extent Herrod claims that Brandie's silence on the issue of his paternity raises a
material mistake of fact, we disagree. Herrod's own testimony that he wanted to be a family and
raise M.A.H. as his own son belies any contention that Herrod relied on Brandie's silence. This lack
of reliance would be fatal to Herrod's claim. See Natland Corp. v. Baker's Port, 865 S.W.2d 52, 68
(Tex. App.--Corpus Christi 1993, writ denied) (op. on reh'g).