# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00307-CV

### In re Attorney General of Texas

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

In this mandamus proceeding, the Attorney General of Texas seeks to vacate the trial court's orders requiring genetic paternity testing and compelling the release of the testing results. The Attorney General contends that the trial court abused its discretion in ordering paternity testing and compelling the release of such testing results because (1) paternity had already been legally established through an acknowledgment of paternity signed by the real party in interest, Ricky Herrod, *see* Tex. Fam. Code Ann. §§ 160.301–.302, .305 (West 2002 & Supp. 2005), and (2) Herrod failed to establish that his challenge to the acknowledgment of paternity was based on fraud, duress, or material mistake of fact as required in section 160.308 of the family code. *See* Tex. Fam. Code Ann. § 160.308 (West Supp. 2005). Because we agree that the trial court abused its discretion in ordering paternity testing and compelling the release of the testing results, we conditionally grant mandamus relief.

## BACKGROUND

Ricky Herrod married Brandie Michelle Rose on December 21, 2002. After they were married, Brandie and Ricky Herrod signed an acknowledgment of paternity concerning Brandie's child M.A.H. on January 24, 2003.

Brandie testified—and Herrod disputes—that M.A.H. was conceived after she spent the night with Herrod prior to their marriage. Brandie testified that she had no other sexual partners during the possible gestational period. M.A.H. was born on January 11, 2002. When M.A.H. was a few months old, the couple reconnected, began dating, and eventually married.

Herrod testified that he wanted to be a family with Brandie and M.A.H. and raise M.A.H. as his own child. In response to his wishes, Brandie obtained an acknowledgment of paternity form from the Bell County Clerk's Office. Brandie and Herrod signed the acknowledgment of paternity, and Herrod testified that Brandie made no threats or promises or representations of any kind to induce him to sign the acknowledgment. The signed acknowledgment was then filed with the bureau of vital statistics, and Herrod's name was added to M.A.H.'s birth certificate. A few months after they signed the acknowledgment, Brandie told Herrod that he was, in fact, M.A.H.'s father.

Brandie and Ricky Herrod divorced in May 2004. Thereafter, the Attorney General filed suit to obtain an order of child and medical support. In response to this suit, Herrod filed a request for paternity testing. In addition, Herrod commenced a separate proceeding to rescind his

2

acknowledgment of paternity.[1]  In his petition, Herrod challenged his acknowledgment of paternity on the basis of fraud, duress and material mistake of fact.

The associate judge entered an order of temporary support and consolidated the two causes of action.  Then, on its own motion, the court ordered paternity testing.  The Attorney General appealed this order to the district court, but while this appeal was pending, the parties submitted blood and tissue samples to a laboratory for testing.  Without explanation or the entry of findings of fact or conclusions of law, the district court affirmed the order for paternity testing and entered an order on May 9, 2006, compelling the release of testing results to the court and the parties.  Upon learning that the Attorney General's office had requested the lab to halt the testing pending appellate action, Herrod filed a motion for contempt.  This proceeding followed.

## STANDARD OF REVIEW

A writ of mandamus will issue when a trial court abuses its discretion and there is no other adequate remedy by appeal.  *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992).  A trial court abuses its discretion when it fails to correctly analyze or apply the law.  *Id*. at 840.  There is no adequate remedy at law when, on review, an appellate court would not be able to cure the trial court's error.  *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 942-43 (Tex. 1998); *Walker*, 827 S.W.2d at 843.  An appellate court cannot cure the trial court's error in ordering paternity testing

---

[1] Although Herrod's petition is styled a petition to rescind acknowledgment of paternity, the parties agree that the period for rescission has expired.  *See* Tex. Fam. Code Ann. § 160.307 (West 2002).  Because the parties agree that Herrod's petition was filed within the period permitted to challenge an acknowledgment of paternity and references the grounds for such a challenge, the trial court properly construed the petition as a challenge to Herrod's acknowledgment of paternity.  *See id*. § 160.308.

once the tests are completed and the results of such testing have been released. *See In re Attorney General*, No. 04-05-00752-CV, 2006 Tex. App. LEXIS 1377, at *8 (Tex. App.—San Antonio Feb, 22, 2006, orig. proceeding) (mem. op.).

## DISCUSSION

In this proceeding, we consider whether the trial court abused its discretion in ordering genetic paternity testing and compelling the release of the results of such testing prior to setting aside the acknowledgment of paternity signed by Herrod on January 24, 2003. Herrod's paternity of M.A.H. was legally established when he signed the acknowledgment of paternity on January 24, 2003, and the acknowledgment was filed with the bureau of vital statistics. *See* Tex. Fam. Code Ann. § 160.305(a). Section 160.308 of the family code provides that Herrod may only challenge his acknowledgment of paternity on the basis of fraud, duress, or material mistake of fact. *See* Tex. Fam. Code Ann. § 160.308(a).

Mandamus may issue to correct a trial court's clear abuse of discretion when an aggrieved party has no adequate remedy by appeal. *Walker*, 827 S.W.2d at 843. A trial court abuses its discretion when a child's paternity has been legally established, and the trial court orders paternity testing before the determination of parentage has been successfully challenged. *Amanda v. Montgomery*, 877 S.W.2d 482, 487 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding). In *Amanda*, the father filed a bill of review to challenge a finding in a divorce decree that he was the child's father. *Id.* at 486. The trial court ordered paternity testing before the father established the prerequisites for a bill of review. *Id.* at 487. Construing the order as improper discovery, the appellate court issued a writ of mandamus to vacate the paternity testing order. *Id.*

4

This case is analogous to *Amanda*. The trial court ordered genetic paternity testing in the face of a legally established parent-child relationship. Like the father in *Amanda*, Herrod faces significant hurdles before the acknowledgment of paternity establishing his legal status as M.A.H.'s father can be set aside. All the parties agree that, in order to challenge his acknowledgment of paternity, Herrod must prove fraud, duress, or material mistake of fact. *See* Tex. Fam. Code §§ 160.308(a)–(b).[2]

Herrod suggests that he may successfully challenge his acknowledgment of paternity on grounds of fraud or mistake of fact. But the record in this case reveals that Herrod testified that Brandie made no promises and did not trick him in any way to induce him to sign the acknowledgment of paternity. Although Herrod claims he did not read the acknowledgment of paternity when he signed it, Herrod testified that he can read and write the English language, and he confirmed that it was his signature on the acknowledgment of paternity. Herrod also testified that it was his intent to become a family with Brandie and M.A.H. and to raise M.A.H. as his own son.

On this record, there is no evidence of fraud. Moreover, Herrod's assertion that he did not read the acknowledgment does not constitute a material mistake of fact.[3] Because Herrod

---

[2] This statutory requirement is "consistent with the well-established policy goal of finality in matters concerning the parentage of minor children." *In re Attorney General*, No. 04-05-00752-CV, 2006 Tex. App. LEXIS 1377, at *10 n.6 (Tex. App.—San Antonio Feb. 22, 2006) (citing *In re T.S.S.*, 61 S.W.3d 481, 485 (Tex. App.—San Antonio 2001, pet. denied) (holding "Texas courts are not free to adopt a rule that an adjudicated father may be relieved of his support obligations anytime he comes forward with DNA evidence post-decree that tends to exclude him as the biological father.")). In matters concerning minor children, finality is valued above perfection. *See In re T.S.S.*, 61 S.W.3d at 485.

[3] To the extent Herrod claims that Brandie's silence on the issue of his paternity raises a material mistake of fact, we disagree. Herrod's own testimony that he wanted to be a family and raise M.A.H. as his own son belies any contention that Herrod relied on Brandie's silence. This lack

failed to demonstrate fraud, duress, or material mistake of fact, genetic paternity testing is not relevant at this phase of the proceedings. *See* Tex. Fam. Code Ann. § 160.308. Therefore, it was an abuse of discretion for the trial court to order genetic paternity testing or to compel the release of the testing results.

We next consider whether the Attorney General has an adequate remedy by way of appeal. We agree with the Attorney General that once genetic paternity testing has been completed and the results have been released, it cannot be undone. *See, e.g., Amanda*, 877 S.W.2d at 487 (granting writ of mandamus where trial court ordered genetic testing before father established prerequisites for review). Additionally, there is no basis for an appeal of the trial court's interlocutory orders to perform paternity testing and to release the results of such testing. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2005). Accordingly, we conclude that an appeal does not provide an adequate remedy for the trial court's error, and extraordinary relief is appropriate. *See Amanda*, 877 S.W.2d at 487.

**CONCLUSION**

We hold that the trial court abused its discretion in ordering the parties to submit to paternity testing when Herrod failed to establish that his acknowledgment of paternity was based on fraud, duress, or material mistake of fact. We grant the petition asking the trial court to vacate its order of March 29, 2006, requiring paternity testing and to vacate its order of May 15, 2006,

---

of reliance would be fatal to Herrod's claim. *See Natland Corp. v. Baker's Port*, 865 S.W.2d 52, 68 (Tex. App.—Corpus Christi 1993, writ denied) (op. on reh'g).

compelling the release of paternity test results.  We are confident that the trial court will comply with this opinion.  The writ will issue only if the trial court does not comply.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Filed:   August 3, 2006