Affirmed and Memorandum Opinion
filed July 29, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00249-CV



In the Interest
of J.A., A CHILD



On Appeal from
the 311th District Court

Harris County, Texas

Trial Court
Cause No. 2008-70032



 

M E M O R A N D U M   O P I N I O N


Appellant, Larry Alexander, appeals from an order
denying his petition to contest an acknowledgement of paternity (“AOP”).  In
two issues, appellant contends that he was entitled to relief under chapter 160
of the Texas Family Code—rescission of the AOP or setting aside the judgment in
the underlying parentage suit—because he was fraudulently induced to sign the
AOP.[1]  We affirm.


BACKGROUND

            Appellant and Tiffany
Johnson had a dating relationship in 2004.  On March 25, 2005, Johnson gave
birth to J.A.  The following day, appellant executed an AOP attesting his
paternity of J.A.  The couple’s relationship ended thereafter, and in 2006,
appellant initiated SAPCR proceedings seeking custody of J.A.  See Alexander
v. Johnson, No. 14-08-00778-CV, 2010 WL 11201, at *1 (Tex. App.—Houston
[14th Dist.] Jan. 5, 2010, no pet.) (mem. op.).[2] 


A.  2006 SAPCR Proceedings

            In 2006,
appellant filed a suit affecting parent-child relationship requesting that he
be appointed J.A.’s managing conservator. Johnson challenged appellant’s
petition by filing a countersuit.  Id.  Although appellant initiated the
SAPCR suit to establish and protect his conservatorship rights with regard to
J.A., appellant later changed his position and petitioned the court for
voluntary relinquishment and termination of his parental rights.  The trial
court subsequently held a final hearing on the parties’ petitions.  Id. 
Johnson appeared with counsel, but appellant failed to appear in person or by
counsel.  Id.  The trial court found appellant in default and proceeded
with the final hearing in his absence.  Id.

            After hearing
testimonial and documentary evidence on paternity and support, the trial court
signed a default SAPCR order appointing Johnson sole managing conservator of
J.A. and appellant possessory conservator.  Id.  The default SAPCR order
also compelled appellant to pay child support.  Thereafter, appellant challenged
the default SAPCR order by way of a petition for bill of review.  Id.  

B.  2007 Bill of Review Proceedings

            In 2007,
appellant filed a petition for bill of review in which he alleged that Johnson
fraudulently induced him to sign the AOP and misled him to believe that he was
J.A.’s father when in fact he was not.  Id.  Appellant claimed that he
was entitled to bill-of-review relief and requested that the default SAPCR
order be set aside and the AOP rescinded.  Id.  The trial court held a
hearing on appellant’s petition and denied the petition for bill of review.  Id. 
Appellant appealed the trial court’s denial to this Court, and we affirmed
the trial court’s ruling.  Id. at *4.  

C.  2008 Petition to Contest AOP Proceedings

In 2008, appellant filed a “petition to contest” the
2005 AOP.  In his first amended petition to contest the AOP, appellant
contended that the AOP should have been set aside on the bases of fraud,
duress, and material mistake.  Appellant argued that he signed the AOP because Johnson
represented that he was J.A.’s father.  He claims that he subsequently realized
that J.A. had been conceived while he was working offshore.  Appellant
requested DNA testing and rescission of the AOP.  The associate judge denied
the petition after hearing evidence at a hearing. 

Appellant appealed the associate judge’s findings and
ruling to the district judge.  The district judge held a hearing and likewise
denied appellant’s petition to contest the AOP, as a matter of law.  Appellant
now appeals from the trial court’s order denying his petition to contest the
AOP.  Appellant articulates the following two arguments: 

1.  Can an acknowledgment of paternity be revoked if the
motion is presented within the time period designated by the Texas Family Code?

2.  Can the Court deny . . . a Petition to Contest
Acknowledgment of Paternity as a matter of law?

ANALYSIS

            Subchapter
D of the Texas version of the Uniform Parentage Act governs voluntary
acknowledgment of paternity.  See Tex. Fam. Code Ann. §§ 160.301–.316
(Vernon 2008).  Under subchapter D, the mother and a man claiming to be the
biological father of a child may sign an AOP with intent to establish the man’s
paternity.  Id. § 160.301.  An AOP must:

(1)  be in a record;

(2)  be signed, or otherwise authenticated, under penalty
of perjury by the mother and the man seeking to establish paternity;

(3)  state that the child whose paternity is being
acknowledged:

            (A) does not have a presumed father or has a
presumed father whose           full name is stated; and

            (b)  does not have another acknowledged or
adjudicated father;

(4) state whether there has been genetic testing and, if
so, that the acknowledging man’s claim of paternity is consistent with the
results of the testing; and 

(5) state that the signatories understand that the
acknowledgment is the equivalent of a judicial adjudication of the paternity of
the child and that a challenge to the acknowledgment is permitted only under
limited circumstances and is barred after four years.  

Id.
§ 160.302.  An AOP becomes effective on the child’s date of birth or the filing
of the document with the bureau of vital statistics, whichever is later.  Id.
§ 160.304(c).   Furthermore, a properly executed AOP is equivalent to an
adjudication of the paternity of a child and confers on the acknowledged father
all rights and duties of a parent.  Id. § 160.305(a).  Here, appellant
concedes that he signed a valid AOP on March 26, 2005, but disclaims paternity. 
The statute provides two methods by which appellant could challenge the
father-child relationship created by the AOP:  (1) a rescission proceeding and
(2) a proceeding to challenge the AOP.  See id. §§ 160.307–.309.  

A. 
Section 160.307 Rescission Proceeding

            A
signatory to an AOP may rescind an acknowledgment of paternity by commencing a
proceeding to rescind before the earlier of:  (1) the 60th day after the
effective date of the acknowledgment, as provided by section 160.304; or (2)
the date of the first hearing in a proceeding to which the signatory is a party
before a court to adjudicate an issue relating to the child, including child
support.  Id. § 160.307.  Although appellant sought recession in his
petition to contest the AOP, filed in November 2008, the time period for rescission
under section 160.307 had expired.  See id.  Accordingly, appellant was
barred, as a matter of law, from bringing a rescission proceeding to attack the
AOP.  

B. 
Section 160.308 Proceeding to Challenge the AOP

Nevertheless, if a signatory fails to bring a
proceeding to rescind within the 60-day rescission period, he “may commence a
proceeding to challenge the [AOP].”  Id. § 160.308(a).  A proceeding to
challenge the AOP “must be commenced before the fourth anniversary of the date
the [AOP] . . . is filed with the bureau of vital statistics.”  Id.  Such
challenge must be “on the basis of fraud, duress, or material mistake of
fact.”  Id.  Here, appellant filed his petition to contest the AOP,
seeking relief under chapter 160, within the four-year challenge period.  Appellant
contends that his trial testimony proves that the AOP was the result of fraud,
duress, and material mistake of fact.  Appellant testified that (1) he signed
the AOP based on Johnson’s false representations that he, appellant, was J.A.’s
father, and (2) appellant realized after signing the AOP that he was working
offshore when J.A. was conceived.  In contrast, the mother testified that
appellant was in fact J.A.’s biological father and that she did not
fraudulently induce appellant to sign the AOP.  Evidence of the prior default
SAPCR order was admitted during the hearing. The AOP, signed by both parties,
was also entered into evidence.  

As the factfinder on the issue of fraud, duress, or
material mistake of fact, the trial court heard and resolved the evidence
presented by the parties.  Because we review the trial court’s ruling for an
abuse of discretion, appellant must show that the trial court acted without
reference to any guiding rules or principles.  See Worford v. Stamper,
801 S.W.2d  108, 109 (Tex. 1990) (reviewing a trial court’s ruling on support
for an abuse of discretion).  In determining whether the trial court abused its
discretion in the resolution of factual matters, the reviewing court may not
substitute its judgment for that of the trial court and may not disturb the
trial court’s decision unless it is shown to be arbitrary and unreasonable.  See
Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).  We review the record
to determine whether there is some evidence to support the judgment.  Worford,
801 S.W.2d at 109.

On this record, we cannot say that the trial court’s
resolution of the contested facts was an abuse of discretion.  There was
sufficient evidence supporting the trial court’s conclusion that appellant did
not sign the AOP under the influence of fraud, duress, or material mistake of
fact.  Furthermore, appellant was not entitled to genetic testing without first
making a successful challenge to the AOP.  See In re Attorney Gen. of Tex.,
195 S.W.3d 264, 269  (Tex. App.—San Antonio 2006, orig. proceeding) (“A trial
court abuses its discretion when a child’s paternity has been legally
established and it orders genetic testing before such parentage determination
has been set aside); see also Amanda v. Montgomery, 877 S.W.2d 482, 487
(Tex. App.—Houston [1st Dist.] 1994, orig. proceeding).  Because appellant did
not establish that the previous parentage determination should have been set
aside, he was not entitled to DNA testing.  We overrule appellant’s first and
second issues and affirm the trial court’s judgment.

 









                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

 

 

Panel consists of Chief Justice Hedges
and Justices Yates and Boyce.

 









[1][1]
See Tex. Fam. Code Ann. §§
160.308–.309 (Vernon 2008).





[2]
In a related case, appellant filed a bill of review, seeking identical relief: 
rescission of the AOP and setting aside the underlying support order.  Alexander,
2010 WL 11201, at *1.  As discussed below, the trial court denied the petition
for bill of review, and we affirmed the trial court’s denial.  Id. at
*4.