**Dismissed and Memorandum Opinion filed November 24, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00124-CV

### DATRIL BOSTON, Appellant

### V.

### BRYCE DANIEL, INC. D/B/A FAST & FREE REAL ESTATE, Appellee

**On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2008-74789**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from the trial court's November 8, 2013 order dismissing this case for want of prosecution, and the trial court's December 6, 2013 order denying appellant Datril Boston's amended motion to reinstate the case. The record, however, shows that in this case—an appeal from Cause No. 2008-74789—the trial court rendered final judgment in Boston's favor on February 21, 2011.

Absent a timely post-judgment motion extending the trial court's plenary power, the trial court retains jurisdiction over a case for thirty days after the final judgment is signed. *See* TEX. R. CIV. P. 329b(d). After the trial court's plenary power expires, it cannot substantively modify the judgment except by a bill of review. TEX. R. CIV. P. 329b(f).[1] A bill of review, however, is an independent proceeding. *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989) (citing *Schwartz v. Jefferson*, 520 S.W.2d 881, 889 (Tex. 1975) (orig. proceeding)); *see Amanda v. Montgomery*, 877 S.W.2d 482, 485 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (holding that trial court's refusal to order severance of a bill-of-review proceeding from the underlying case was an abuse of discretion warranting mandamus relief). And, although the record before us shows that appellee Bryce Daniel, Inc. did file a separate bill-of-review action, this is not an appeal from that proceeding; it is an appeal from orders that the trial court signed in the original suit more than two years after the trial court's plenary power expired.

When a trial court grants a bill of review, it should not dispose of the new cause number and proceed to trial in the old cause number. It should proceed to the merits of the case under the new cause number (here the 2011 cause number). The trial court instead rendered judgment in the 2011 bill-of-review proceeding, issued a new docket control order in the original 2008 case, and proceeded as though the 2008 case had been re-opened. These actions were improper and have led to the void orders in the 2008 cause number that Boston has attempted to appeal.

---

[1] Even after its plenary power has expired, the trial court may sign a judgment nunc pro tunc to correct a clerical error, and it may declare a judgment void if the judgment was signed after the trial court's plenary power expired. *See* TEX. R. CIV. P. 329b(f).

Because the trial court's plenary power in the 2008 cause expired shortly after the trial court rendered final judgment in 2011, the challenged orders are void. *See Jefferson v. Unity Nat'l Bank*, No. 14-14-00197-CV, 2015 WL 1779254, at *2 (Tex. App.—Houston [14th Dist.] Apr. 16, 2015, no pet.) (mem. op.) (citing *Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 168 & n.21 (Tex. 2013)). We lack jurisdiction to review the merits of a void order. *See id.* We accordingly notified the parties on October 16, 2015, of our intent to dismiss this case for want of jurisdiction unless Boston filed a response demonstrating grounds for continuing the appeal.

In his response, Boston conceded that the challenged orders are void, and asked us to hold that an additional order signed on April 30, 2013 is void. Boston argued that the order is void because it "contains the same cause number as in the underlying suit," and for the reasons described above, the trial court lost plenary power over the original suit in 2011.

Although it is true that the order "contains" the cause number of the underlying suit, the face of the order shows that it was a final judgment rendered in the separate bill-of-review proceeding. In the order, the trial court began by noting that Bryce Daniel, Inc. "prevailed in his [sic] claim for relief *in this cause, a Bill of Review case*."[2] The order concludes as follows:

> IT IS ORDERED that Plaintiff have judgment granting its claim for bill of review. It is therefore ORDERED that the judgment signed and rendered in Cause Number 2008-74789, previously pending in the 269th Judicial District Court, Harris County, Texas is vacated in its entirety. This Order disposes of all claims in Cause No. 2011-34714, is a final judgment in Cause No. 2011-34714, and is appealable.

---

[2] Emphasis added.

3

The order contained a typed cause number for 2011-34714. This number was struck through and the original 2008 cause number was written above it. In addition, both the 2008 and the 2011 cause numbers were again handwritten on the side of the order. Thus, the sole ambiguity is whether this judgment rendered in the bill-of-review proceeding was duplicated in the original suit now before us. In the bill-of-review proceeding, the judgment was rendered while the trial court had plenary power to render judgment. The order therefore is not void, and we accordingly deny Boston's request that we hold otherwise.

Boston has failed to demonstrate this court has jurisdiction to continue this appeal.

We order the appeal dismissed for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.