**In the Interest of S.C.L.**

No. 05–04–01527–CV.

Court of Appeals of Texas, Dallas.

Oct. 31, 2005.

Sharon E. Ramage, Frisco, Attorney Ad Litem.

Douglas T. Floyd, Plano, for Appellant.

Cynthia Palmer, Collin County District Attorney's Office, Katharine K. Decker, Assistant District Attorney, McKinney, for Appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

## OPINION

Opinion by Justice WRIGHT.

Mark S. appeals the trial court's dismissal of his petition to adjudicate the parentage of S.C.L. In a single issue, Mark S. contends the trial court erred by determining his petition to adjudicate parentage was barred by limitations. We overrule Mark S.'s issue and affirm the trial court's order dismissing his petition to adjudicate parentage.

After the parental rights of S.C.L.'s mother and presumptive father were terminated, Mark S., S.C.L.'s biological father, sought to be adjudicated S.C.L.'s father. As S.C.L.'s "parent," Mark S. would be entitled to the presumption that he should be appointed as conservator unless it was not in S.C.L.'s best interests to do so. *See* Tex. Fam.Code Ann. § 153.191 (Vernon 2002). Mark S. and the Texas Department of Family and Protective Services (TDFPS) agreed to submit this case to the trial court on written submissions, including affidavits and business records. After considering the written submissions, the trial court granted TDFPS's motion to dismiss. Subsequently, the trial court made, among others, the following findings of fact and conclusions of law:

(1) S.C.L.'s mother is Tina L.

(2) Tina L. was married to Ernest L. when S.C.L. was born.

(3) Ernest L. is named as S.C.L.'s father on his birth certificate.

(4) Ernest L. is the presumed father of S.C.L. pursuant to Section 160.204(b) of the Texas Family Code.

(5) Following a trial on the merits, Tina L.'s and Ernest L.'s parental rights to S.C.L. were terminated on September 22, 2003 and TDPRS was appointed permanent managing conservator of S.C.L.

(6) Mark S. has been named the alleged father of S.C.L.

(7) Mark S. was aware of Tina L.'s pregnancy.

(8) Mark S. filed a petition to adjudicate paternity on January 22, 2004.

(9) Mark S. filed the petition to adjudicate paternity after the four-year statute of limitations set out in section 160.607 of the Texas Family Code.

In Texas, a child born to a married woman living with her husband is presumed to be a child of the marriage. *See* Tex. Fam.Code Ann. § 160.204(a)(1) (Vernon Supp.2004–05). A "presumed father" is, by operation of law under section 160.204, "recognized as the father of the child until that status is rebutted or confirmed in a judicial proceeding." Tex. Fam. Code Ann. § 160.102(13) (Vernon 2002). This presumption may only be rebutted by (1) a proceeding to adjudicate parentage, or (2) the filing of a valid denial of paternity by the presumed father in conjunction with the filing by another person of a valid acknowledgment of paternity. *See* Tex. Fam.Code Ann. § 160.204(b) (Vernon Supp. 2004–05). When, as here, there is a presumed father, a proceeding to adjudicate parentage must be commenced "not later than the fourth anniversary of the date of the birth of the child." Tex. Fam.Code Ann. § 160.607(a) (Vernon Supp.2004–05).[1]

---

**1.** A proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time if the court determines that (1) the presumed father and the mother of the child did not live together or engage in sexual inter-

course with each other during the probable time of conception; and (2) the presumed father never represented to others that the child was his own. Tex. Fam.Code Ann. § 160.607(b) (Vernon Supp.2004–05). Mark

Mark S. does not challenge that he filed his petition after S.C.L.'s fourth birthday in contravention of section 160.607.[2] Rather, he argues that "a literal interpretation" of section 160.607 is unconstitutional under both the United States and the Texas Constitutions because he, as the biological father, has a "natural right as to standing to seek conservatorship."[3] Mark S. also contends that as S.C.L.'s biological father, he should be appointed sole managing conservator of S.C.L. "because there are no natural persons that are a conservator" of S.C.L. We cannot agree.

■ We begin with Mark S.'s contention that the statutory bar violates his federal due process rights. In *Michael H. v. Gerald D.*, 491 U.S. 110, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989), a four-member plurality of the United States Supreme Court determined that Michael H.'s interest in establishing his parentage with his biological daughter was not constitutionally protected. *Id.* at 129–30, 109 S.Ct. 2333. Michael H. had an affair with Carol D. At the time, Carol D. was married to Gerald D., and she became pregnant with Victoria D. Gerald D. was listed as Victoria D.'s father on Victoria D.'s birth certificate, and Gerald D. held out she was his daughter. Although Carol D. and Gerald D. remained married, several times over the next few years, Carol D. and Victoria D. lived with Michael H. At these times, Michael H. also held Victoria D. out as his daughter. Eventually, Gerald D. and Carol D. reconciled and prevented Michael H. from seeing Victoria D. Michael H. filed suit to establish his paternity and right to visitation. The suit was dismissed pursuant to a California statute limiting rebuttal of the presumption of legitimacy to only the husband or wife. The Supreme Court determined that because relationships such as that between Michael H. and his biological child have not historically been treated as a protected family unit, Michael H.'s interest in establishing his parentage was not constitutionally protected. *Id.* at 121–31, 109 S.Ct. 2333. Thus, the Court determined that the California statute precluding a biological father's right to challenge paternity and limiting the presumptive father's and the mother's right to challenge paternity to two years from the child's date of birth, was a matter of legislative policy and not constitutional law. *Id.* at 129–30, 109 S.Ct. 2333. Because the United States Supreme Court has determined that a biological father's right to establish parentage is not constitutionally protected and statutes limiting that right are a matter of legislative policy not constitutional law, we cannot conclude Mark S.'s federal due process rights are violated by applying section 160.607(a).

■ We reach a similar conclusion with respect to Mark S.'s rights under the

---

S. did not contend either of these conditions were met in this case.

**2.** At the time S.C.L. was born, the predecessor statute limited the time for filing such a petition to two years. *See* Act of 1993, 73rd Leg., R.S., ch. 730, § 4, 1993 Tex. Gen. Laws 2863, 2864, (repealed 1995) (current version at TEX. FAM.CODE ANN. § 160.607 (Vernon Supp.2004–05)). Mark S.'s petition is untimely under either version. Therefore, for convenience, we will refer to the current version.

**3.** We question whether Mark S. adequately briefed his constitutional complaints. With respect to his federal due process rights, Mark S. contends only that the United States Supreme Court's decision in *Michael H. v. Gerald D.*, 491 U.S. 110, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989), is not controlling because that case analyzed a California, not a Texas, statute. With respect to his Texas due course of law guarantee, Mark S. does not analyze or cite to a single case, nor does he in any way attempt to explain how his due course of law rights differ from his due process rights. Nevertheless, in the interest of justice, we will address both complaints.

Texas due course of law guarantee. The Texas Constitution guarantees standing to a biological father who asserts his interest in establishing a relationship with the child near the time of the child's birth if he (1) acknowledges responsibility for child support or other care and maintenance and (2) makes serious and continuous efforts to establish a relationship with the child. *In the Interest of J.W.T.*, 872 S.W.2d 189, 195 (Tex.1994). The record in this case shows that although he knew of Tina L.'s pregnancy, Mark S. did not assert his interest in establishing a relationship with S.C.L. near the time of S.C.L.'s birth, nor did he thereafter make serious and continuous efforts to establish a relationship with S.C.L. Consequently, we cannot conclude applying section 160.607(a) violates his state due course of law guarantee.

■ To the extent Mark S. argues that section 160.607(a) does not apply to him because Ernest L.'s parental rights to S.C.L. have been terminated, again we disagree. S.C.L. was born during Tina L. and Ernest L.'s marriage. S.C.L. was therefore presumed to be a child of the marriage. *See* TEX. FAM.CODE ANN. § 160.204(a)(1). This presumption may be rebutted *only* by (1) a proceeding to adjudicate parentage, or (2) the filing of a valid denial of paternity by the presumed father in conjunction with the filing by another person of a valid acknowledgment of paternity. *See* TEX. FAM.CODE ANN. § 160.204(b). The termination of Ernest L.'s parental rights was not effectuated through a proceeding to adjudicate parentage or by the filing of a denial of paternity in conjunction with a valid acknowledgment of paternity. Thus, contrary to Mark S.'s contention, termination of Ernest L.'s parental rights did not somehow rebut or disestablish the presumption of Ernest L.'s parentage. *See In the Interest of A.L.J.*, 929 S.W.2d 467, 473 (Tex.App.-Tyler 1996, writ denied). Nothing in Texas law suggests that the termination of a presumed father's parental rights somehow inures legal benefits to a biological father. Rather, termination of Ernest L.'s parental rights is specific to the parent-child relationship between Ernest L. and S.C.L., and it divested Ernest L. and S.C.L of all legal rights, privileges, duties, and powers normally existing between them, except for S.C.L.'s right to inherit. *See* TEX. FAM.CODE ANN. § 161.206(b) (Vernon 2004–05). That S.C.L. retains his rights of inheritance from Ernest L. supports our determination that although Ernest L.'s parental rights, privileges, duties, and powers have been divested, he nevertheless remains S.C.L.'s presumptive father until that presumption is rebutted by a proceeding to adjudicate parentage or by the filing of a denial of paternity in conjunction with a valid acknowledgment of paternity.

■ Finally, we cannot conclude Mark S. is entitled to the presumption that as S.C.L.'s parent, he should be appointed as conservator unless it was not in S.C.L.'s best interests to do so. *See* TEX. FAM.CODE ANN. § 153.191 (Vernon 2002). Mark S. has not provided, nor can we find, support for the proposition that an alleged or biological father is entitled to such a presumption. Rather, the presumption applies to "parents." Mark S. has not been adjudicated as S.C.L.'s parent. In fact, the basis for this appeal is the dismissal of his petition to adjudicate parentage and we have concluded that the trial court did not err in its determination that his petition is barred by limitations. Without an adjudication of parentage, we cannot conclude Mark S. is entitled to the section 153.191 presumption. We overrule Mark S.'s sole issue.

Our disposition of this issue is well-grounded in law, but we note that the

purpose of section 160.607(a) is to limit the time in which to establish a parent-child relationship when there is a presumptive father so as to protect the family unit. Here, there was no longer a family unit to protect once the parental rights of Ernest L. and Tina L. were terminated. Had there been no presumptive father, Mark S. would not be precluded from establishing a parent-child relationship with S.C.L. *See* Tex. Fam.Code Ann. § 160.606 (Vernon 2002) (proceeding to adjudicate the parentage of a child having no presumed, acknowledged, or adjudicated father may be commenced at any time). Nevertheless, because Ernest L. remains S.C.L.'s presumptive father in spite of his parental rights having been terminated, the current law leaves a biological father, such as Mark S., with no greater ability to establish a parent-child relationship or be appointed as conservator than any stranger to the relationship. These facts raise an issue inviting legislative review.

We affirm the trial court's order dismissing Mark S.'s petition to adjudicate parentage.