NUMBER 13-11-00006-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 

 



IN RE: OFFICE OF THE ATTORNEY GENERAL OF TEXAS

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Justices Garza, Benavides, and
Vela

Memorandum Opinion by Justice Benavides[1]

 

            Relator, Office of the Attorney General of Texas
(“OAG”), filed a petition for writ of mandamus through which it seeks to compel
the trial court[2]
to vacate its order requiring genetic testing in a divorce proceeding.  As
stated herein, we conditionally grant the petition for writ of mandamus.

I.  Background

            Edgar Zamora and Veronica Tostado were married
on May 9, 2005.  They had two children who were born during the marriage: 
B.I.Z. was born on September 14, 2005, and M.S.Z. was born on October 11,
2006.  The couple subsequently separated.  In 2007, the OAG obtained an agreed
child support review order requiring Zamora to pay monthly child support and
granting Tostado retroactive child support.  In 2008, the OAG obtained another
agreed child support review order which discontinued the previously ordered
child support because the couple had reconciled, but which granted a child
support arrearage judgment against Zamora.  

In 2009, Zamora filed for divorce. 
Shortly thereafter, the OAG obtained a third agreed child support review order
reinstating Zamora’s child support obligations and granting another cumulative
arrearage judgment against him.  In each of the agreed child support orders and
in Zamora’s pleadings in the divorce proceeding, Zamora is referred to as the
father of the children.

In the divorce proceeding, on
November 16, 2010, Zamora filed a “Motion for Blood Test to Rescind
Acknowledgment of Paternity Pursuant to Section 160.308 of the Texas Family
Code.”  See Tex. Fam. Code Ann.
§ 160.308 (Vernon 2008).  According to the motion, Tostado “has been making
remarks to [Zamora] that he is not the father of the children.”  The OAG, who
had intervened in the divorce proceeding, contested the motion on grounds that,
inter alia, Zamora had been adjudicated the father of the children based on the
agreed orders and the admissions in Zamora’s pleadings, and the statute of
limitations barred a request for genetic testing.  After a hearing on Zamora’s
motion, the trial court ordered Zamora, Tostado, and the two children to
undergo genetic testing.  

On January 7, 2010, the OAG filed
this original proceeding and a motion for emergency temporary stay of the order
for genetic testing.  That same day, this Court granted the motion for
emergency relief and stayed the trial court’s “Order to Submit to Blood
Tests.”  The Court further requested that the real party in interest, Zamora,
file a response to the OAG’s petition for writ of mandamus.  Zamora’s response
to the petition was due on or before January 18, 2011, but no such response has
been filed to date.   

II.  Mandamus

Mandamus is an extraordinary remedy
that issues only if the trial court clearly abused its discretion and the
relator has no adequate remedy by appeal.  In re Sw. Bell Tel. Co., 235
S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).  The heavy burden of
establishing an abuse of discretion and an inadequate appellate remedy is on
the party resisting discovery.  In re CSX Corp., 124 S.W.3d 149, 151
(Tex. 2003) (orig. proceeding).  A trial court commits a clear abuse of
discretion when its action is “so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.”  Id. (quoting CSR Ltd. v. Link,
925 S.W.2d 591, 596 (Tex. 1996)).  It is the relator’s burden to provide this
Court with a sufficient record to establish the right to mandamus relief.  Walker
v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992); In re Pilgrim’s Pride
Corp., 187 S.W.3d 197, 198-99 (Tex. App.–Texarkana 2006, orig. proceeding);
see Tex. R. App. P. 52.3.  

An order requiring genetic testing
may under certain circumstances be subject to review by mandamus.  See
Office of Att’y Gen., 276 S.W.3d 611, 621 (Tex. App.–Houston [1st Dist.]
2008, orig. proceeding) (collecting cases).  First, an order requiring genetic
testing is a discovery order, which, if erroneously issued, may not be cured on
appeal.  See In re Att’y Gen. of Tex., 195 S.W.3d 264, 270 (Tex. App.–San
Antonio 2006, orig. proceeding).  Second, genetic testing results are highly
sensitive and personal in nature, and the burden of testing may outweigh any
possible benefit and, instead, cause irreparable harm.  See id.; e.g.,
In re Rodriguez, 248 S.W.3d 444, 454 (Tex. App.–Dallas 2008, orig.
proceeding).

III.  Analysis

As stated previously, in the
instant case, Zamora sought genetic testing under the auspices of section
160.308 of the Texas Family Code.  Sections 160.307 and 160.308 govern
proceedings for the rescission of acknowledgments or denials of paternity under
subchapter D of the Uniform Parentage Act.  See Tex. Fam. Code Ann. §§ 160.307, 160.308 (Vernon 2008). 
Section 160.308, upon which Zamora relies, extends the period of time within
which rescission may be sought “only on the basis of fraud, duress, or material
mistake of fact.”  See id. § 160.308(a).  Based on the record before us,
this section is inapplicable to the case at hand, which does not concern an
acknowledgment of paternity under subchapter D of the Uniform Parentage Act.  See
In re Rodriguez, 248 S.W.3d 444, 451-53 (Tex. App.–Dallas 2008, orig.
proceeding).  Moreover, even if this section were to apply, and we were to
construe the agreed orders and statements by Zamora that he is the children’s
father as an official acknowledgment of paternity under the code, Zamora is not
entitled to genetic testing because he has not first made a successful
challenge to the acknowledgment of paternity. See In re Att’y Gen. of Tex.,
195 S.W.3d at 269 (“A trial court abuses its discretion when a child’s
paternity has been legally established and it orders genetic testing before
such parentage determination has been set aside”); see also Amanda v.
Montgomery, 877 S.W.2d 482, 487 (Tex. App.–Houston [1st Dist.] 1994, orig.
proceeding).  More saliently, however, and as further discussed herein,
Zamora’s request for genetic testing is barred by the applicable statute of
limitations.  

There is a presumption of paternity
where a man is married to the mother of the child and the child is born during
the marriage.  See Tex. Fam. Code
Ann. § 160.204(a) (Vernon 2008). This presumption legally establishes
the father-child relationship between the man and child.  See id. §
160.201(b)(1) (Vernon 2008).  A “presumed father” is, by operation of law under
section 160.204, “recognized as the father of the child until that status is
rebutted or confirmed in a judicial proceeding.”  Id. § 160.102(13)
(Vernon 2008); In re S.C.L., 175 S.W.3d 555, 557 (Tex. App.–Dallas 2005,
no pet.). The presumption of paternity may be rebutted only by:  (1) a
proceeding to adjudicate parentage under Subchapter G, or (2) the filing of a
valid denial of paternity by the presumed father in conjunction with the filing
by another person of a valid acknowledgment of paternity.  See Tex. Fam. Code Ann. § 160.204(b) (Vernon
2008); In re S.C.L., 175 S.W.3d at 557. 

When a child has a presumed father,
a proceeding to adjudicate parentage must be commenced “not later than the
fourth anniversary of the date of the birth of the child.” Tex. Fam. Code Ann. § 160.607(a). 
However, a proceeding seeking to disprove the father-child relationship between
a child and the child’s presumed father may be maintained at any time if the
court determines that: (1) the presumed father and the mother of the child did
not live together or engage in sexual intercourse with each other during the
probable time of conception; and (2) the presumed father never represented to
others that the child was his own.  See id. § 160.607(b).  The party
seeking to avoid the four year period of limitations bears the burden of
proving a provision that would toll the statute of limitations.  See In re
Rodriguez, 248 S.W.3d at 451; In re S.C.L., 175 S.W.3d at 558 n.1.

The Texas Family Code provides that,
except as otherwise provided by the subchapters regarding genetic testing and
proceedings to adjudicate parentage, “a court shall order a child and other
designated individuals to submit to genetic testing if the request is made by a
party to a proceeding to determine parentage.”  Id. § 160.502(a). 
“Therefore, a party must be entitled to maintain a proceeding to adjudicate
parentage as set out in Subchapter G before a trial court can order genetic
testing to determine parentage.”  In re Rodriguez, 248 S.W.3d at 450-51;
see Amanda, 877 S.W.2d at 486-87 (granting mandamus relief from an order
for genetic testing requested by a presumed father who had failed to make a
prima facie showing that his bill of review challenging paternity was not
barred as a matter of law):

Since the limitation
on proceedings to adjudicate parentage for a child with a presumed father is
contained in Subchapter G “Proceeding to Adjudicate Parentage,” a court cannot
order genetic testing if the proceeding to adjudicate parentage is barred as a matter
of law by the four-year limitations period and the party requesting the testing
produces no evidence of the exception found in section 160.607(b). 

 

In re Rodriguez, 248 S.W.3d at 451.

            The children subject to the trial court’s order
requiring genetic testing were born during Zamora and Tostada’s marriage. 
Therefore, under the family code, Zamora is their presumed father.  See Tex. Fam. Code Ann. § 160.204(a).  His
status as their presumed father has not been rebutted or confirmed in a
judicial proceeding.  See Tex.
Fam. Code Ann. § 160.102(13).  Any proceeding to adjudicate parentage in
this case is subject to the four-year time limitation set forth in section
160.607 of the Texas Family Code.  See id. § 160.607(a).  Zamora did not
initiate a proceeding to adjudicate parentage within the applicable limitations
period for either child, nor did he request blood testing within that same
period.  Further, Zamora has not presented evidence of an exception to the four
year statute of limitations.  We conclude, on this record and based on the
arguments and authorities provided to the Court, that the trial court abused
its discretion in ordering genetic testing.  See In re Rodriguez,
248 S.W.3d at 453.




 

IV.  Conclusion

The Court, having examined and
fully considered the petition for writ of mandamus, is of the opinion that
relator has shown itself entitled to the relief sought.  Accordingly, we lift our
stay order of January 7, 2011, and conditionally grant relator’s petition for
writ of mandamus.  We are confident that the trial court will vacate its order
requiring genetic testing.  The writ will issue only if the trial court fails
to comply with this opinion. 

 

________________________

GINA
M. BENAVIDES,

Justice

 

 

Delivered and filed the

15th day of February, 2011. 

 









[1]
See Tex. R. App. P.
52.8(d) (“When granting relief, the court must hand down an opinion as in any
other case.”); Tex. R. App. P.
47.4 (distinguishing opinions and memorandum opinions).  

 





[2]
The respondent in this original proceeding is the Honorable Arnold Cantu,
Jr., Presiding Judge of the County Court at Law Number Five of Hidalgo, County,
Texas.  See Tex. R. App. P. 52.2.