

# NUMBER 13-11-00006-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Vela
### Memorandum Opinion by Justice Benavides[1]

Relator, Office of the Attorney General of Texas ("OAG"), filed a petition for writ of mandamus through which it seeks to compel the trial court[2] to vacate its order requiring genetic testing in a divorce proceeding. As stated herein, we conditionally grant the

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The respondent in this original proceeding is the Honorable Arnold Cantu, Jr., Presiding Judge of the County Court at Law Number Five of Hidalgo, County, Texas. *See* TEX. R. APP. P. 52.2.

petition for writ of mandamus.

## I. BACKGROUND

Edgar Zamora and Veronica Tostado were married on May 9, 2005. They had two children who were born during the marriage: B.I.Z. was born on September 14, 2005, and M.S.Z. was born on October 11, 2006. The couple subsequently separated. In 2007, the OAG obtained an agreed child support review order requiring Zamora to pay monthly child support and granting Tostado retroactive child support. In 2008, the OAG obtained another agreed child support review order which discontinued the previously ordered child support because the couple had reconciled, but which granted a child support arrearage judgment against Zamora.

In 2009, Zamora filed for divorce. Shortly thereafter, the OAG obtained a third agreed child support review order reinstating Zamora's child support obligations and granting another cumulative arrearage judgment against him. In each of the agreed child support orders and in Zamora's pleadings in the divorce proceeding, Zamora is referred to as the father of the children.

In the divorce proceeding, on November 16, 2010, Zamora filed a "Motion for Blood Test to Rescind Acknowledgment of Paternity Pursuant to Section 160.308 of the Texas Family Code." *See* TEX. FAM. CODE ANN. § 160.308 (Vernon 2008). According to the motion, Tostado "has been making remarks to [Zamora] that he is not the father of the children." The OAG, who had intervened in the divorce proceeding, contested the motion on grounds that, inter alia, Zamora had been adjudicated the father of the

2

children based on the agreed orders and the admissions in Zamora's pleadings, and the statute of limitations barred a request for genetic testing. After a hearing on Zamora's motion, the trial court ordered Zamora, Tostado, and the two children to undergo genetic testing.

On January 7, 2010, the OAG filed this original proceeding and a motion for emergency temporary stay of the order for genetic testing. That same day, this Court granted the motion for emergency relief and stayed the trial court's "Order to Submit to Blood Tests." The Court further requested that the real party in interest, Zamora, file a response to the OAG's petition for writ of mandamus. Zamora's response to the petition was due on or before January 18, 2011, but no such response has been filed to date.

## II. MANDAMUS

Mandamus is an extraordinary remedy that issues only if the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). The heavy burden of establishing an abuse of discretion and an inadequate appellate remedy is on the party resisting discovery. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A trial court commits a clear abuse of discretion when its action is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* (quoting *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996)). It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief.

3

*Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992); *In re Pilgrim's Pride Corp.*, 187 S.W.3d 197, 198-99 (Tex. App.–Texarkana 2006, orig. proceeding); *see* TEX. R. APP. P. 52.3.

An order requiring genetic testing may under certain circumstances be subject to review by mandamus. *See Office of Att'y Gen.*, 276 S.W.3d 611, 621 (Tex. App.–Houston [1st Dist.] 2008, orig. proceeding) (collecting cases). First, an order requiring genetic testing is a discovery order, which, if erroneously issued, may not be cured on appeal. *See In re Att'y Gen. of Tex.*, 195 S.W.3d 264, 270 (Tex. App.–San Antonio 2006, orig. proceeding). Second, genetic testing results are highly sensitive and personal in nature, and the burden of testing may outweigh any possible benefit and, instead, cause irreparable harm. *See id.*; *e.g., In re Rodriguez*, 248 S.W.3d 444, 454 (Tex. App.–Dallas 2008, orig. proceeding).

## III. ANALYSIS

As stated previously, in the instant case, Zamora sought genetic testing under the auspices of section 160.308 of the Texas Family Code. Sections 160.307 and 160.308 govern proceedings for the rescission of acknowledgments or denials of paternity under subchapter D of the Uniform Parentage Act. *See* TEX. FAM. CODE ANN. §§ 160.307, 160.308 (Vernon 2008). Section 160.308, upon which Zamora relies, extends the period of time within which rescission may be sought "only on the basis of fraud, duress, or material mistake of fact." *See id.* § 160.308(a). Based on the record before us, this section is inapplicable to the case at hand, which does not concern an acknowledgment

4

of paternity under subchapter D of the Uniform Parentage Act. *See In re Rodriguez*, 248 S.W.3d 444, 451-53 (Tex. App.–Dallas 2008, orig. proceeding). Moreover, even if this section were to apply, and we were to construe the agreed orders and statements by Zamora that he is the children's father as an official acknowledgment of paternity under the code, Zamora is not entitled to genetic testing because he has not first made a successful challenge to the acknowledgment of paternity. *See In re Att'y Gen. of Tex.*, 195 S.W.3d at 269 ("A trial court abuses its discretion when a child's paternity has been legally established and it orders genetic testing before such parentage determination has been set aside"); *see also Amanda v. Montgomery*, 877 S.W.2d 482, 487 (Tex. App.–Houston [1st Dist.] 1994, orig. proceeding). More saliently, however, and as further discussed herein, Zamora's request for genetic testing is barred by the applicable statute of limitations.

There is a presumption of paternity where a man is married to the mother of the child and the child is born during the marriage. *See* TEX. FAM. CODE ANN. § 160.204(a) (Vernon 2008). This presumption legally establishes the father-child relationship between the man and child. *See id.* § 160.201(b)(1) (Vernon 2008). A "presumed father" is, by operation of law under section 160.204, "recognized as the father of the child until that status is rebutted or confirmed in a judicial proceeding." *Id.* § 160.102(13) (Vernon 2008); *In re S.C.L.*, 175 S.W.3d 555, 557 (Tex. App.–Dallas 2005, no pet.). The presumption of paternity may be rebutted only by: (1) a proceeding to adjudicate parentage under Subchapter G, or (2) the filing of a valid denial of paternity by

5

the presumed father in conjunction with the filing by another person of a valid acknowledgment of paternity. *See* TEX. FAM. CODE ANN. § 160.204(b) (Vernon 2008); *In re S.C.L.*, 175 S.W.3d at 557.

When a child has a presumed father, a proceeding to adjudicate parentage must be commenced "not later than the fourth anniversary of the date of the birth of the child." TEX. FAM. CODE ANN. § 160.607(a). However, a proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time if the court determines that: (1) the presumed father and the mother of the child did not live together or engage in sexual intercourse with each other during the probable time of conception; and (2) the presumed father never represented to others that the child was his own. *See id.* § 160.607(b). The party seeking to avoid the four year period of limitations bears the burden of proving a provision that would toll the statute of limitations. See *In re Rodriguez*, 248 S.W.3d at 451; *In re S.C.L.*, 175 S.W.3d at 558 n.1.

The Texas Family Code provides that, except as otherwise provided by the subchapters regarding genetic testing and proceedings to adjudicate parentage, "a court shall order a child and other designated individuals to submit to genetic testing if the request is made by a party to a proceeding to determine parentage." *Id.* § 160.502(a). "Therefore, a party must be entitled to maintain a proceeding to adjudicate parentage as set out in Subchapter G before a trial court can order genetic testing to determine parentage." *In re Rodriguez*, 248 S.W.3d at 450-51; *see Amanda*, 877 S.W.2d at

6

486-87 (granting mandamus relief from an order for genetic testing requested by a presumed father who had failed to make a prima facie showing that his bill of review challenging paternity was not barred as a matter of law):

> Since the limitation on proceedings to adjudicate parentage for a child with a presumed father is contained in Subchapter G "Proceeding to Adjudicate Parentage," a court cannot order genetic testing if the proceeding to adjudicate parentage is barred as a matter of law by the four-year limitations period and the party requesting the testing produces no evidence of the exception found in section 160.607(b).

*In re Rodriguez*, 248 S.W.3d at 451.

The children subject to the trial court's order requiring genetic testing were born during Zamora and Tostada's marriage. Therefore, under the family code, Zamora is their presumed father. *See* TEX. FAM. CODE ANN. § 160.204(a). His status as their presumed father has not been rebutted or confirmed in a judicial proceeding. *See* TEX. FAM. CODE ANN. § 160.102(13). Any proceeding to adjudicate parentage in this case is subject to the four-year time limitation set forth in section 160.607 of the Texas Family Code. *See id.* § 160.607(a). Zamora did not initiate a proceeding to adjudicate parentage within the applicable limitations period for either child, nor did he request blood testing within that same period. Further, Zamora has not presented evidence of an exception to the four year statute of limitations. We conclude, on this record and based on the arguments and authorities provided to the Court, that the trial court abused its discretion in ordering genetic testing. *See In re Rodriguez*, 248 S.W.3d at 453.

7

## IV. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that relator has shown itself entitled to the relief sought. Accordingly, we lift our stay order of January 7, 2011, and conditionally grant relator's petition for writ of mandamus. We are confident that the trial court will vacate its order requiring genetic testing. The writ will issue only if the trial court fails to comply with this opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
15th day of February, 2011.